IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMBRESA TAYLOR,

      Petitioner,

vs.                                          No. CV 18-01047 MV/GJF

MARIANNA VIGIL, WARDEN, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody filed by Ambresa Taylor (Doc. 1). The Court dismisses the Petition without prejudice and grants Petitioner leave to amend.

BACKGROUND

Taylor is a prisoner in the custody of the New Mexico Department of Corrections. She entered a "no-contest" plea to two counts of trafficking a controlled substance and was subsequently sentenced to six years of incarceration in State of New Mexico Twelfth Judicial District, cause no. D-1215-CR-2016-00153. Doc. 1 at 1. The Court has reviewed the official record in Taylor's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access and takes judicial notice of the official New Mexico court records. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The Court may take judicial notice

1

of the disposition of the case at hand); *Shoulders v. Dinwiddie,* 06-cv-890, 2006 WL 2792671 (W.D. Okla. Sept. 26, 2006) (court may take judicial notice of state court records available on the worldwide web including docket sheets in district courts); *Stack v. McCotter,* 79 F. App'x 383, 2003 WL 22422416 (10th Cir. Oct. 24, 2003) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

Taylor entered the no-contest plea on August 1, 2016. The Court imposed a six-year sentence and, on August 12, 2016, entered a conditional discharge contingent on Taylor's successful completion of Drug Court. The State of New Mexico filed a Petition for First Probation Revocation on April 20, 2017. Taylor entered a no-contest plea to the first probation revocation charges.

The State filed a Petition for Second Probation Revocation on August 15, 2017. The Probation Officer's Report of Violation stated that Taylor had received new charges of Aggravated Battery. The Probation Officer also reported that Taylor had several occasions of drug use and poor attitude with staff and counselors and had tested positive for methamphetamine use in July 2017 and heroin use in August 2017. *Report of Probation Violation 08/09/2017.* On August 16, 2017, an Adult Drug Court Unsuccessful Discharge Order was entered by the Court. Taylor again entered a no-contest plea to the probation revocation charges. *Guilty or No Contest Plea Proceeding 10/13/17.* Following a hearing, the State Court issued its Order Revoking Probation and Commitment to the Department of Corrections on October 25, 2017. The Court granted 37 days of pre-sentence confinement credit and 438 days of credit for time served on probation, suspended 3,905 days of the sentence, and imposed a term of 2,190 days to be served in actual imprisonment. The Court also ordered that Taylor enter and complete the RDAP program and have a mental health screening. *Order Revoking Probation and Commitment to Department of*

*Corrections* at 2-3.

Taylor filed her first Motion to Reconsider Sentence on November 3, 2017. That Motion was denied on November 15, 2017. Taylor then filed a state habeas corpus petition on January 19, 2018. Taylor asserted eight grounds for relief, including unfair treatment at Drug Court and ineffective assistance of counsel Mario Torrez. In its Notice of 5-802(H)(1) Pre-Appointment Review, the Law Offices of the Public Defender concluded that it was not a proceeding that a reasonable person with adequate means would be willing to bring at her own expense. *Notice of 5-802(H)(1) Pre-Appointment Review* at 1-2. The Public Defender also concluded that Taylor did not articulate any bona fide grounds for post-conviction relief and that the Report of Probation Violation provides ample bases to justify the prison sentence that was imposed by the Court. *Id.* at 3.

The State Court denied the habeas corpus petition on July 11, 2018. The New Mexico Supreme Court denied certiorari review on August 20, 2018. Taylor filed two additional motions to reconsider sentence on August 20, 2018 and February 3, 2020. The State Court denied those Motions on December 17, 2018 and February 4, 2020, respectively.

Taylor filed her § 2254 Petition in this Court on November 9, 2018. Doc. 1. As grounds for relief, her form § 2254 Petition refers to an attachment, *id.* at 10, 12, 13, 15, which in turn states as follows:

> Ground One: Ineffective assistance of counsel. Public Defender Mario Torrez did not attempt to make or keep appointments. When presenting evidence to the judge on my defense, he did not do the research and gave the judge and DA false information about the events leading up to the incarceration. He did not represent me to the best of his legal ability.
>
> Ground Two: While I was successfully participating in drug court, I was sentenced to a three sanction and was violated. Guidelines were not followed as to the sanction or the violation. I was under the understanding that if I was actively participating, there was no reason for a sanction or a

3

>violation.
>
>Ground Three: The same judge that precided (sic) over cases that the father of my child aquired (sic). This was with bias based on the extent of his criminal history and the connection him and I had. I received a severe sentence based on his actions and my association.
>
>Ground Four: There was no pre-sentence report completed prior to sentencing. A pre-sentence report would have included a diagnostic evaluation.
>
>Ground Five: Upon calling Mario Torrez on June 27, 2018, in regards to the appeal, Mr. Torrez claims he never represented me and he has no recollection of me receiving that much time. He claims that I am mistaken as to him being there during my sentencing.
>
>Ground Six: After several requests at both the county level and state level, I have not received proper mental health medication for my mental health diagnosis. I am not mentally stable and without proper medication, I will continue to be unstable.
>
>Ground Seven: The same judge that sentenced me is the same judge that denied my reconsideration and habeas. A different judge without a bias opinion did not assess any of my motions filed.

*Id.* at 18-20. In her prayer for relief, Taylor asks the Court "[t]o have a full hearing on matters presented." *Id.* at 23.

## STANDARD

I. <u>Failure to State a Claim</u>

Taylor is proceeding pro se and *in forma pauperis*. The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted

4

as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Taylor is *pro se*, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

II.     Section 2254 Claims

Taylor seeks relief under 28 U.S.C. § 2254, which provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application shall not be granted with respect to such a claim "unless the adjudication of that claim": (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) (per curiam).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A district vourt undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Importantly, an

unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410.  A federal court may not issue a habeas corpus writ simply because that court concludes that the state court applied clearly established federal law erroneously or incorrectly; rather, the state court's application must also be unreasonable.  *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents.  *Harrington,* 562 U.S. at 102.

Further, relief under § 2254 is only available where the petitioner contends his custody is in violation of the Constitution or laws or treaties *of the United States*. 28 U.S.C. § 2254(a).  The federal courts cannot grant habeas relief for errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991).  If the state court did not follow its own rules, this error will not give rise to habeas relief unless it also constitutes a violation of due process guaranteed by the federal constitution. *See Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980); *Aycox v. Lytle,* 196 F.3d 1174, 1180 (10th Cir. 1999).

## DISCUSSION

I.    Taylor's Petition Fails to State a Claim

To obtain federal habeas corpus relief, a petitioner must contend that she is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Taylor does not contend that her incarceration is in violation of the Constitution, laws, or treaties of the United States.  Nonetheless, the Court will construe Taylor's claims as raising federal constitutional claims.  So construed, however, the Petition fails to state a habeas corpus claim for relief, as set forth herein.

A.   <u>Ineffective Assistance of Counsel</u>

The Court construes Grounds One and Five of Taylor's Petition as asserting claims of ineffective assistance of counsel in violation of the Sixth Amendment. To establish a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1) her counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington,* 562 U.S. at 112.

Where, as here, a petitioner entered a plea of guilty or no-contest, she bears the burden of showing that she would not have pled guilty if her attorney had performed in a constitutionally adequate manner. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (explaining that, to establish ineffective assistance, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Additionally, she must show that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). If a plea was intelligently and voluntarily entered on advice of counsel, and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Allen v. Mullin*, 368 F.3d 1220, 1246 (10th Cir. 2004).

In Ground One, Taylor asserts that Torrez, her defense counsel, did not represent her to the best of his ability because he (1) did not keep appointments, (2) did not do research, and (3)

8

presented false information to the Judge and the DA. Doc. 1 at 18. These allegations, however, are insufficient, because Taylor does not provide any facts to demonstrate that Torrez did not keep appointments, specify what research Torrez failed to do, or explain what false information Torrez allegedly presented to the Judge and the DA. Her allegations thus are factually insufficient to demonstrate that her counsel's conduct was constitutionally ineffective.

Further, Taylor does not allege how Torrez's alleged conduct was prejudicial to her defense. In other words, she does not show that, but for Torrez's deficient conduct, there is a substantial likelihood that the outcome of her case would have been different. Nor does Taylor allege that there is a reasonable probability that, but for Torrez's errors, she would have insisted on going to trial rather than entering the no-contest plea. For these reasons, Ground One of the Petition fails to state a habeas corpus claim for relief based on the ineffective assistance of her counsel.

In Ground Five, Taylor claims that, during her direct appeal, she spoke to Torrez on the telephone and that he could not recall representing her, being at the sentencing hearing, or the length of her sentence. *Id.* at 19. Taylor does not allege how Torrez' after-the-fact failure to recall the representation prejudiced the proceedings in the state district court. Nor does Taylor allege that it was Torrez who represented her on the direct appeal, or that his conduct (at any point) prejudiced her direct appeal. The record reflects that Taylor was represented in the proceedings by another attorney, Todd Holmes, in addition to Torrez. Because Taylor fails to specify how Torrez' lack of memory impacted either her sentencing proceeding or the direct appeal, or to show that representation by Holmes was not adequate, Ground Five similarly fails to state a constitutional claim of ineffective assistance of counsel.

B.     Procedural Due Process

The Court construes Grounds Two and Four of the Petition as asserting Fourteenth Amendment procedural due process violations. "Procedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty or property." *Becker v. Kroll,* 494 F.3d 904, 918 n. 8 (10th Cir. 2007) (citation omitted). Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). In general, a petitioner must make two showings to proceed on a procedural due process claim. *See Hennigh v. City of Shanee,* 155 F.3d 1249, 1253 (10th Cir. 1998). First, she must demonstrate that she possesses a protected liberty or property interest. *Id.* Second, she must show that she was not afforded an appropriate level of process. *Id.* "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance." *Smith v. Org. of Foster Families for Equal. & Reform,* 431 U.S. 816, 847 (1977). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (*quoting Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)); *Twombly,* 550 U.S. at 570.

In Ground Two, Taylor claims that, while she was participating successfully in Drug Court, guidelines were not followed, and she was improperly sanctioned and charged with a probation violation. Doc. 1 at 18. Taylor does not specify when in the process these events occurred, and does not identify what process was due, what guidelines or other procedural safeguards were not followed, or who failed to follow them. The record indicates that Taylor entered a no-contest plea for each of the charged probation violations; she does not explain the ways in which she was

10

deprived of an opportunity to be heard at a meaningful time and in a meaningful way before or when she entered that plea. Ground Two thus does not state a due process claim for relief.

In Ground Four, Taylor claims that no pre-sentence report was completed prior to sentencing and that, if a pre-sentence report had been completed, it would have included a diagnostic evaluation. Taylor does not specify what statute, regulation, or guideline required the preparation of a pre-sentence report, who failed to prepare a pre-sentence report, or why a pre-sentence report would have included a diagnostic evaluation. Ground Four thus does not state a due process claim for habeas corpus relief.

C.   Judicial Bias

The Court construes Grounds Three and Seven of the Petition as asserting judicial bias in violation of the Due Process Clause of the Fourteenth Amendment. "Due process requires a fair trial before a judge without actual bias against the defendant or an interest in the outcome of [her] particular case." *Bracy v. Gramley*, 520 U.S. 899, 899 (1997); *see also Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980) ("The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases."). "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *Id.* (citing *Liteky v. United States,* 510 U.S. 540, 554–56 (1994)). Accordingly, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Nickl*, 427 F.3d at 1298 (quoting *Green v. Branson,* 108 F.3d 1296, 1305 (10th Cir.1997)); *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Similarly, "[a] judge's ordinary efforts at courtroom

administration," even if "stern and short-tempered," are "immune" from charges of bias and partiality. *Nickl*, 427 F.3d at 128 (quoting *Liteky,* 510 U.S. at 556). "Critical," "disapproving," or "hostile" remarks by a judge during a proceeding "usually [] will not support a partiality charge." *Nickl*, 427 F.3d at 1298 (quoting *Liteky*, 510 U.S. at 555).

On the other hand, however, "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside judicial proceedings," they may be improperly biased. *Nickl*, 427 F.3d at 1298 (citing *Liteky*, 510 U.S. at 554–55). Improper bias may be found where a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. "Courts have found an impermissible level of bias when a judge's remarks or actions reveal he has prejudged the guilt of a defendant." *Nickl*, 427 F.3d at 1298.

In Ground Three, Taylor claims that she received a more severe sentence because the judge who sentenced her was biased against her due to her connection to her child's father, an individual who was also prosecuted and over whose proceeding the same judge had presided. But "[o]pinions formed during [] prior proceedings do not constitute a bases for [finding unconstitutional judicial bias] unless the opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Wilson*, 77 F.3d 105, 111 (5th Cir. 1996) (citing *Liteky*, 510 U.S. at 555). Courts have "recognized that a trial judge is not disqualified [for improper bias] because he presided over the trial of a co-defendant or accepted the guilty plea of a co-defendant and that, absent allegations that the judge harbored a personal bias that would disqualify him, the denial of a motion to recuse is not error." *Wilson*, 77 F.3d at 111. The same standard applies in deciding whether the Due Process Clause has been violated by judicial bias. *Id.*

Here, Taylor has not alleged any specific opinion formed by the judge during her child's father's case or imported into her sentencing, and thus has failed to allege that any such opinion displays the requisite "favoritism or antagonism" necessary to rise to the level of unconstitutional bias. Absent allegations that the judge who sentenced her "harbored a personal bias" against her based on her connection to the father of her child, Taylor's Petition does not state a due process claim based on judicial bias.

In Ground Seven, Taylor contends that, in denying her request for reconsideration and her state habeas petition, the judge did not actually assess the merits of her motions, but rather ruled based on the opinion that he formed of her during her earlier sentencing proceeding, thus displaying improper bias. Doc. 1 at 20. But the Tenth Circuit has held that "[w]ithout more, the fact that a judge presided in a previous criminal matter involving a party is not a valid ground for recusal." *Edmond v. Athlete's Foot Grp.*, 15 F. App'x 738, 740 (10th Cir. 2001). Indeed, it is standard procedure for the same judge to handle both criminal proceedings and post-sentencing claims . *See* Fed. R. Crim. P. 51(b). Thus, without also alleging that the judge harbored a personal bias against her or that his opinion of her, as formed during her sentencing, displayed a deep-seated antagonism that would make fair judgment impossible, Taylor's allegations that the same judge presided over the different stages of her case are insufficient to state a due process violation based on judicial bias.

D.   <u>Lack of Mental Health Care</u>

The Court construes Ground Six as asserting inadequate mental health care in violation of the Eighth Amendment. Taylor claims that she made requests at both the county and state levels for mental health medication, advising them that she is mentally unstable and that, without proper medication, will continue to be unstable. Doc. 1 at 20. A habeas corpus proceeding challenges

the fact of conviction or the duration of a sentence. *See Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). Challenges to the *conditions of prison life*, rather than the fact of conviction or the duration of sentence, fall outside the habeas corpus remedy. *Id*. at 489. Taylor does not include any allegations that, if proven, would demonstrate that Defendants' failure to provide her with adequate mental health care impacted the fact of her conviction or the duration of her sentence. Accordingly, her allegations regarding inadequate mental health care do not state a claim for habeas relief.

Taylor is advised, however, that her claims might properly be brought as civil rights claims in a Section 1983 action against the individuals (in their individual capacity) who allegedly denied her mental health care. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). A plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. If Taylor decides to pursue a civil rights action, she is advised to name the individual governmental officials who allegedly refused to provide mental health care. She must allege facts that, if proven, would demonstrate that her "medical need was objectively sufficiently serious and that defendants' delay in meeting that need caused her … substantial harm." *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). A civil rights complaint must include "evidence of [each individual] prison official's culpable state of mind." *Id.* at 751. Each defendant must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference

14

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

II.     Taylor May Amend Her Petition

The Tenth Circuit counsels that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall,* 935 F.2d at 1109.

Under this standard, Taylor will be granted leave to amend her Petition. Taylor must file an amended petition within 60 days of receipt of this Memorandum Opinion and Order. Any amended petition should allege claims and facts sufficient to show that Taylor is in custody in violation of the Constitution or laws of the United States and that she is entitled to habeas corpus relief, in accordance with this Memorandum Opinion and Order. 28 U.S.C. § 2254(a).

First, if Taylor seeks to pursue a Sixth Amendment ineffective assistance claim, she must meet both prongs of the *Strickland* test, outlined above, and allege specific facts that, if proven, would show that her counsel's conduct fell below an objective standard of reasonableness and that, but for her counsel's errors, the outcome of her case would have been different (*i.e.,* that she would

15

not have taken a "no-contest" plea or would not have received such a severe sentence).  Next, if Taylor seeks to pursue a claim that her Fourteenth Amendment procedural due process rights were violated, she must provide detailed allegations as to what process was due to her in her state court proceeding, including any guidelines or procedural safeguards that should have been followed, pre-sentence reports prepared, or evaluations orders, and the ways in which specifically identified individuals failed to provide that process.  Third, if Taylor seeks to pursue a claim that her due process rights were violated because of judicial bias, she must include allegations that, if proven, would establish that the judge formed an opinion or personal bias against her, either during her child's father's case or during earlier stages of the proceedings against her, and that such opinion or bias displayed a deep-seated antagonism toward her that would make fair sentencing decisions impossible. Finally, if Taylor seeks to pursue, in the context of this habeas proceeding, claims based on the deprivation of mental health care, she must include allegations that, if proven, would show that Defendants' failure to provide her with adequate mental health care impacted her decision to plead no-contest or resulted in a longer sentence than she would otherwise have received.  If, on the hand, she does not contend that the lack of mental health care impacted her conviction or sentence, but rather that the lack of mental health care violated the conditions of her confinement under the Eighth Amendment, then she must pursue her inadequate mental health care claims in a civil rights action under Section 1983, in accordance with the rules applicable to such an action.

Taylor is hereby put on notice that the failure to file an amended complaint within 60 days may result in final dismissal of this case without further notice.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Ambresa Taylor (Doc. 1) is **DISMISSED** for failure

to state a claim for relief and Taylor is granted leave to file an amended petition within 60 days after her receipt of this Memorandum Opinion and Order.

_____
MARTHA VAZQUEZ
Senior United States District Judge